**Electronically Filed
Intermediate Court of Appeals
29165
14-SEP-2011
10:46 AM**

NO. 29165

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DAVID GARNER, ALLAN KLITERNICK, JO JENNIFER GOLDSMITH
and DAVID HUDSON, on behalf of themselves and all
others similarly situated, Plaintiffs-Appellants, v.
STATE OF HAWAI'I, DEPARTMENT OF EDUCATION, Defendants-Appellees,
and JOHN DOES 1-5, JOHN DOE CORPORATIONS 1-5, JOHN DOE
PARTNERSHIPS 1-5, ROE NON-PROFIT CORPORATIONS 1-5,
AND ROE GOVERNMENTAL AGENCIES 1-5, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 07-1-1480)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Plaintiffs-Appellants David Garner, Allan Kliternick, Jo Jennifer Goldsmith and David Hudson, on behalf of themselves and all others similarly situated (**Appellants** or **Substitute Teachers**), appeal from the Order Denying Plaintiffs' Motion for Reconsideration and Relief from Final Judgment filed on May 5, 2008, in the Circuit Court of the First Circuit (**Circuit Court**).[1] Final Judgment (**Judgment**) in favor of Defendant-Appellee State of Hawai'i, Department of Education (**State** or **DOE**) was previously entered on October 26, 2007. The Judgment was affirmed by this court, in No. 28857, on January 21, 2011. The

---

[1] The Honorable Victoria S. Marks presided.

Substitute Teachers' subsequent application for a writ of certiorari was denied, in No. SCWC-28857, on August 3, 2011.

In this appeal, Appellants contend that:

The Circuit Court erred in denying Appellants' Motion for Reconsideration and Relief from Final Judgment because (A) relief from the Final Judgment should have been awarded pursuant to HRCP Rule 60(b)(3) due to the DOE's misrepresentation and fraud on the Circuit Court and (B) relief from the Final Judgment should have been awarded pursuant to HRCP Rule 60(b)(6) due to the important public interest and the lack of prejudice to the DOE[.]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the Substitute Teachers' contention as follows:

We reject Appellants' argument that the Circuit Court abused its discretion when it denied their motion for reconsideration and relief. At the hearing on Appellant's motion, the Circuit Court specifically stated that an alleged misrepresentation to the court regarding appropriations "had no bearing on [the court's] decision-making" and that the issue before the court was primarily a matter of statutory interpretation. As set forth in this court's January 21, 2011 summary disposition order in No. 28857, under the plain and unambiguous language of Hawaii Revised Statutes § 302A-624 (Supp. 2006), as amended by Act 263 of 2006 (see 2006 Haw. Sess. L. 263), the Circuit Court correctly entered judgment, as a matter of law, in favor of the State and against the Substitute Teachers on the merits of this case. As the Circuit Court did not base its denial of the Substitute Teachers' motion for reconsideration and relief on an erroneous view of the law or on a clearly erroneous assessment of the facts, we cannot conclude that the Circuit Court "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." Beneficial Hawai'i, Inc. v. Casey, 98 Hawai'i 159, 164, 45 P.3d 359, 364 (2002)

(citation omitted) (discussing standard of review applicable to the review of a motion made pursuant to Hawai'i Rules of Civil Procedure Rule 60(b)).

Accordingly, we affirm the Circuit Court's May 5, 2008 Order Denying Plaintiffs' Motion for Reconsideration and Relief from Final Judgment.

DATED: Honolulu, Hawai'i, September 14, 2011.

On the briefs:

Paul Alston
Peter S. Knapman
Mei Fei Kuo
(Alston Hunt Floyd & Ing)
    and
Bruce H. Wakuzawa
(Law Office of Bruce H. Wakuzawa)
for Plaintiffs-Appellants

Deirdre Marie-Iha
Deputy Solicitor General
for Defendant-Appellee
  Department of Education

Presiding Judge

Associate Judge

Associate Judge